UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**PHILLIP BLADES,**

                          **Plaintiff,**

       vs.                                                5:16-CV-1379
                                                                     (TJM/ATB)

**CITY OF ALBANY, et al.,**

                          **Defendants.**
_____

**Thomas J. McAvoy,
Senior United States District Judge**

### DECISION & ORDER

Before the Court is Defendants' motion for partial summary judgment. See dkt. # 34. Plaintiff, who proceeds *pro se*, has not responded to the motion, but has filed a motion for leave to file an amended complaint. See dkt. # 44. As the motion for leave to amend does not alter the issues raised by the Defendants' motion, the Court will address the motion for summary judgment.

**I.    BACKGROUND**

This case arises out of alleged misconduct by police officers who took Plaintiff Phillip Blades into custody on November 20, 2013, in Albany, New York. See Complaint ("Complt."), dkt. # 1. On that date, officers stopped Plaintiff in his vehicle in front of 280 Morton Avenue in Albany. Defendants' Statement of Material Facts ("Defendants'

1

Statement"), dkt. # 34-1, at ¶ 1.[1]  At the time officers pulled him over, Plaintiff was the subject of an ongoing narcotics investigation that the individual defendants, Detectives Scott Gavigan and Anthony Scalise, had been conducting.  Id. at ¶ 2.  Defendants found Plaintiff in possession of a black plastic bag that contined 160 grams of marijuana.  Id. at ¶ 3.  Detective Gavigan field tested and weighed the marijuana.  Id. at ¶ 4.  The Defendants also found a black plastic bag containing a digital scale.  Id. at ¶ 5.  Detective Gavigan field-tested a substance on the scale that came back positive for crack cocaine.  Id. at ¶ 6.

Officers also found a plastic bag containing two plastic bags, with crack cocaine in one and powder cocaine in the other, in the back of Plaintiff's pants.  Id. at 8.  The officers also discovered eight wax paper envelopes containing heroin in the back of Plaintiff's pants.  Id. at ¶ 11.  Detective Gavigan field tested these substances and found them positive for the drugs.  Id. at ¶¶ 10, 12.  Plaintiff was charged with multiple counts of possession of crack cocaine and heroin with intent to sell.  Id. at ¶ 13.

After arresting Plaintiff, Defendants took him to the police station at 126 Arch Street in Albany.  Id. at ¶ 14.  Defendants obtained information that Plaintiff was concealing crack cocaine in the rear of his pants.  Id. at ¶ 15.  Using this information, the detectives began conducting a strip search of Plaintiff.  Id. at ¶ 16.  When officers asked him to take off his underwear, Plaintiff attempted to reach back and grab a plastic bag tucked behind his

---

[1]Defendants filed the Statement of Material Facts containing citations to the record and setting forth those "facts about which the moving party contends there exists no genuine issue." N.Y.N.D. L.R. 7(a)(3).  Despite being provided an extension of time to respond to Defendants' motion, Plaintiff did not file a response to the Statement containing citations to the record.  The Local Rules provide that "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."  Because Plaintiff did not respond, the Court will accept as true all facts properly supported by the Defendants.

underwear. Id. at ¶ 17. Detectives grabbed Plaintiff's arms in an effort to prevent him from "secreting" the plastic bag into his anus. Id. at ¶ 18. When the detectives grabbed his arms, Plaintiff began kicking at them. Id. at ¶ 19. He kicked Detective Scalise three times in the left thigh. Id. at ¶ 20. Plaintiff was subsequently charged with Obstructing Governmental Administration in the Second Degree. Id. at ¶ 21. On August 25, 2014, Plaintiff pled guilty to Criminal Possession of a Controlled Substance. Id. at ¶ 22.

Plaintiff's Complaint, filed November 18, 2016, alleges that on:

November 20, 2013, Dective Scott Gavigan inserted 2 (two) fingers into my rectum performing a cavity search. Detective Scalise slammed me to the floor[,] put his knees on the back of my neck and upper back[,] pinning me to the floor[,] and began punching me in the back of my head and side of my face telling me to "push it out," "make it easier on yourself." Detective "John Doe" held my left leg to prevent me from squirming and kicking me in the torso. Detective "John Doe" held my right leg also trying to prevent me from squirming and stopping the assault.

Complt. at ¶ 6. The Complaint raises three causes of action pursuant to 42 U.S.C. § 1983. Count 1 alleges that Detective Gavigan violated Plaintiff's Fourth Amendment right to be free of an unreasonable search and seizure when he inserted two fingers into Plaintiff's rectum "to perform a warrantless cavity search." Count 2 alleges an Eighth Amendment violation due to cruel and unusual punishment that Detective Gavigan, Detective Scalise, and another, "John Doe" officer inflicted on Plaintiff during their body cavity search and by allegedly kicking Plaintiff in the torso. Count 3 alleges a violation of Plaintiff's Fourteenth Amendment due process and equal protection rights when Defendants "failed to intervene to protect" Plaintiff's "constitutional rights from infringement by other law enforcement officers in their presence."

After the parties engaged in discovery, Defendants filed the instant motion.

**II.    LEGAL STANDARD**

3

Defendants seek summary judgment on several grounds. In addressing such motions, the Court must construe the evidence in the light most favorable to the non-moving party. See Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). The Court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings or on conclusory allegations or unsubstantiated speculation. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994).

Plaintiff has not opposed the motion. In the summary judgment context, "the failure to respond to the motion does not alone discharge the burdens imposed on a moving party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004).

The moving party must show both "the absence of a genuine issue of material fact" and "'that he is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). The Court accepts properly supported material facts as true but "the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law[.]" Id. Thus a court "considering a motion for summary judgment must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Id. (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

### III.   DISCUSSION

The Defendants seek summary judgment and dismissal of Plaintiff's Eighth and Fourteenth Amendment claims, as well as any claims against the City of Albany. The Court will address each argument in turn.

#### A.   Claims Against the City of Albany

Defendants first argue that any claims against the City of Albany must be dismissed because Plaintiff has not asserted any culpable conduct by the City itself and instead seeks to impose liability based on the doctrine of *respondeat superior*. Municipal liability is limited under Section 1983 by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). In that case, the Supreme Court found that municipal liability exists "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). To prevail, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Commr's v. Brown, 520 U.S. 397, 403 (1997). To obtain a

judgment against the City of Albany, Plaintiff must show that his injury was caused by "a governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). Plaintiff must demonstrate "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id. "A government's official policy may be 'made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 142 (2d Cir. 1999) (quoting Monell, 436 U.S. at 694).

Here, none of the evidence related above indicates that Plaintiff's injuries came as a result of any official policy, custom, or practice. Instead, Plaintiff's allegations and the evidence in the record all indicate that Plaintiff's injuries were a result of the conduct of individual officers. As such conduct provides no basis for a claim against the City of Albany, Defendants' motion will be granted in that respect.

### B.     Eighth Amendment Claim

Defendants next argue that any claims Plaintiff brings pursuant to the Eighth Amendment must be dismissed. Plaintiff was not a prisoner at the time of the incidents in question, and the Eighth Amendment's prohibition on cruel and unusual punishment does not apply, they claim. "The language of the Eighth Amendment, '[excessive] bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government.'" Whitley v. Albers, 475 U.S. 312, 318 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977)). Because the prohibition of cruel and unusual punishment "'was designed to protect those convicted of crimes,' . . . the Clause applies 'only after the

6

State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" Id. (quoting Ingraham, 430 U.S. at 671 n.40).  The facts here indicate that Plaintiff had not been convicted of any crime at the time of his incarceration and therefore could not prevail on any Eighth Amendment claim.  The Court will grant the motion in this respect as well.

### C. 14th Amendment Claim

Defendants also contend that Plaintiffs' Fourteenth Amendment substantive due process claim should be dismissed because such claims are more properly understood as Fourth Amendment excessive force claims.  Defendants do not seek summary judgment on Plaintiff's Fourth Amendment claim.  As explained above, Plaintiff's third claim alleges that Defendants violated his Fourteenth Amendment rights to due process and equal protection when Defendants "failed to intervene to protect" Plaintiff's "constitutional rights from infringement by other law enforcement officers in their presence."  The Court reads this claim as a claim that a Defendant or Defendants failed to intervene to protect Plaintiff from excessive force in the Detectives' search.  "A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to prevent it."  Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016).  Such a claim arises as a Fourth Amendment excessive force claim.  See Soto v. Guadett, 862 F.3d 148 (2d Cir. 2017) (analyzing an excessive force claim as a Fourth Amendment claim).

The Second Circuit Court of Appeals has held that "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process."

Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005). Here, Plaintiff has alleged two types of Fourth Amendment excessive force claims against the Defendants. He contends that an officer used excessive force in searching him, and that another officer failed to intervene to prevent that abuse. A Fourteenth Amendment substantive due process claim is therefore unnecessary to vindicate Plaintiff's rights under the circumstances. The Court will grant the motion for summary judgment on Plaintiff's Fourteenth Amendment claims. The Court cautions, however, that granting judgment on the Fourteenth Amendment claim on this basis does not also grant judgment on the failure-to-intervene claim. A jury may consider that claim as part of Plaintiff's Fourth Amendment cause of action.

### D.   Motion for Leave to Amend

Plaintiff moves for leave to file an amended complaint. See dkt. # 44. The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010). Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)). Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). "In gauging prejudice, [courts] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the

dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting Block, 988 F.2d at 350). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Prejudicial delay can occur when "the amendment [comes] on the eve of trial and would result in new problems of proof" such as a need for "a great deal of additional discovery." Id.

Plaintiff has filed a proposed Amended Complaint that seeks to name additional parties. Other than naming those additional parties, Plaintiff's proposed Amended Complaint contains the same claims and basis for them as named in the original Complaint. The Court has here granted summary judgment to Defendant City of Albany and to all Defendants on Plaintiff's Eighth and Fourteenth Amendment substantive due process claims. An amendment where the proposed Amended Complaint contains those claims would be futile.

At the same time, nothing in the Court's decision would automatically prevent the Plaintiff from seeking to file an Amended Complaint that names new defendants on the remaining claims. The Court will therefore deny the motion for leave to amend the Complaint as futile, but without prejudice to Plaintiff filing an Amended Complaint that does not include parties or claims that have been granted summary judgment in this Decision and Order. Defendants may of course oppose that motion to amend at an appropriate time.

## V.   CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment, dkt. # 34 is GRANTED. Defendant City of Albany is hereby DISMISSED from the case with

prejudice. The motion for summary judgment is GRANTED with respect to Plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff's motion for leave to amend, dkt. # 44, is hereby DENIED without prejudice to Plaintiff filing a renewed motion for leave to file an Amended Complaint within 21 days of the date of this Order. Any such motion must be filed pursuant to Local Rule 7.1(4). Any opposition to that motion by Defendants must be filed within 14 days of the date of Plaintiff's filing. No reply will be allowed, and the Court will decide the motion on the submission without need for oral argument.

**IT IS SO ORDERED**

Dated: July 10, 2018

Thomas J. McAvoy
Senior, U.S. District Judge